# UNITED STATES DISTRICT COURT
for the
Eastern District of Missouri

**FILED**
JAN 3 0 2019
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

In the Matter of the Search of )
**1360 Widefields Ln, St. Louis, MO 63138 ("target** )
**location"), further described as a single story residence** )
with white colored siding and gray colored roof. The )
residence has a blue/gray front door, blue/gray shutters, and )
faces the approximate north. The numbers "1360" are )
clearly marked above the single car garage. )

Case No. 4:19 MJ 5029 NAB

## APPLICATION FOR A SEARCH WARRANT

I, ___Jared M. Ruhland___, a federal law enforcement officer or an attorney for the government request a search warrant and state under penalty of perjury that I have reason to believe that on the following property:

**1360 Widefields Ln, St. Louis, MO 63138 (as fully described above),**

located in the _____EASTERN_____ District of _____MISSOURI_____, there will be concealed following the fulfillment of the contingency set forth in the affidavit, the following:

See attached LIST.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ✓ evidence of a crime;
- ✓ contraband, fruits of crime, or other items illegally possessed;
- ✓ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 21, U.S.C., §§ 846, 841(a)(1) | Conspiracy to possess with intent to distribute controlled substance(s) |

The application is based on these facts:

SEE ATTACHED AFFIDAVIT WHICH IS INCORPORATED HEREIN BY REFERENCE.

- ✓ Continued on the attached sheet.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*
JARED M. RUHLAND, Postal Inspector
United States Postal Inspection Service
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __1/30/19__

*Judge's signature*

City and State: ___St. Louis, MO___

Hon. Nannette A. Baker, U.S. Magistrate Judge
*Printed name and title*
AUSA: ERIN O. GRANGER

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Jared M. Ruhland, being duly sworn, state the following:

1.  I am a Postal Inspector with the United States Postal Inspection Service (USPIS). I have been employed by the USPIS for approximately one (1) year. I have been assigned to the Saint Louis, Missouri Multi-Functional Team for approximately one (1) year. I have received advanced training by the USPIS in the investigation of controlled substances or proceeds/payments being transported through the United States. The St. Louis Field Office's Multi-Functional Team has intercepted numerous parcels which were found to contain narcotics or proceeds of narcotics trafficking and other criminal activity. Prior to my employment with the USPIS, I was employed by the St. Louis County Police Department from September 2007 through April 2017. While employed with the St. Louis County Police Department, I was assigned to the Division of Patrol as a Police Officer and the Division of Crimes Against Property as a Detective.

2.  Experience and drug trafficking intelligence information gathered by the USPIS have demonstrated that the U.S. Postal Service Express Mail and Priority Mail are frequently utilized by drug traffickers for shipping controlled substances or proceeds/payments. Use of Express Mail and Priority Mail are favored because of the speed (Express Mail - overnight; Priority mail – two-day delivery), reliability, free telephone and internet package tracking service, as well as the perceived minimal chance of detection. Express Mail was originally intended for urgent, business-to-business correspondence. Intelligence from prior packages, which were found to contain controlled substances or proceeds/payments, has indicated that these labels are usually from an individual to an individual. Express Mail is seldom used for individual-to-individual correspondence.

3.  Information gathered by the USPIS has also demonstrated that other delivery couriers, such as Federal Express and United Parcel Service, are frequently utilized by drug traffickers for shipping controlled substances or proceeds/payments. Information gathered by the USPIS has demonstrated that the services and delivery practices of Federal Express and United Parcel Service are similar to U.S. Postal Service Express Mail and Priority Mail. Like U.S. Postal Service Express Mail and Priority Mail, Federal Express and United Parcel Service are favored because of the speed, reliability, free telephone and Internet package tracking service, as well as

1

the perceived minimal chance of detection. Like U.S. Postal Service Express Mail and Priority Mail, Federal Express and United Parcel Service were originally intended for urgent, business-to-business, correspondence. However, intelligence from prior packages, which were found to contain controlled substances or proceeds/payments, has indicated that these shipping labels are usually from an individual to an individual. Federal Express and United Parcel Service are seldom utilized to convey individual-to-individual correspondence.

4. In an effort to combat the flow of controlled substances through the overnight delivery services, interdiction programs have been established in cities throughout the United States by the USPIS. These cities have been identified as known sources of controlled substances. The USPIS conducted an analysis of prior packages mailed through overnight delivery services, which were found to contain controlled substances or proceeds/payments of controlled substance sales. The analysis of prior packages, which were found to contain controlled substances or proceeds/payments, indicated that these labels are usually from an individual to an individual. In the few cases when overnight delivery packages containing controlled substances or proceeds/payments have displayed a business or company name, it has usually proven to be a fictitious business or company. Additionally, this analysis has established a series of characteristics which, when found in combination of two or more, have shown a high probability that the package will contain a controlled substance or the proceeds of controlled substance sales. Information collected by the USPIS has demonstrated that the presence of these characteristics is significant for delivery services, to include U.S. Postal Service Express Mail, Federal Express, and United Parcel Service. This profile includes the following characteristics: package mailed from or addressed to a known narcotic source city; package has a fictitious return address; package addressee name is unknown at the destination address; package sender name is unknown at the return address; package has address information which is handwritten; package is mailed from a Commercial Mail Receiving Agency (CMRA); package is addressed to residential areas; package is addressed from an individual to an individual; packages are wrapped in brown paper and/or heavily taped; and/or the ZIP Code from where the package is mailed is different than the ZIP Code used in the return address.

5. The U.S. Postal Inspection Service St. Louis Field Office's Multi-Functional Team has found the characteristics listed in paragraphs three and four are indicative of packages, which have been found to contain illegal controlled substances or the proceeds/payments for controlled substances.

6. This affidavit in support of an anticipatory search warrant for the following location further identified as:

**1360 Widefields Ln, St. Louis, MO 63138**, [hereinafter referred to as the **target location**], further described as a single story residence with white colored siding and gray colored roof. The residence has a blue/gray front door, blue/gray shutters, and faces the approximate north. The numbers "1360" are clearly marked above the single car garage. A photograph with the **target location**, labeled as Attachment #1, is attached hereto and made a part of this Affidavit.

7. On Tuesday, January 29, 2019, St. Louis Postal Inspectors were reviewing USPS business records and identified an Internet Protocol (IP) associated with two of the mailings involved in an ongoing Drug Trafficking Organization (DTO) investigation between Arizona and the greater St. Louis Metropolitan area. Previous mailings, related to this DTO, have yielded approximately seven (7) pounds of Methamphetamine. Through intelligence gathered from the IP, Inspectors were able to link an additional mailing currently in transit from Arizona to St. Louis, Missouri that had numerous characteristics similar to the aforementioned seizures. Through USPS business records, Inspectors were able to obtain an image of the mailing label associated to the IP. Inspectors reviewed the information listed on the mailing label for Priority Mail package 9505 5065 8726 9027 0902 32, (hereinafter "Subject Package"). The Subject Package was mailed on January 27, 2019 from the Scottsdale, Arizona Post Office (Zip code: 85257).

8. On Wednesday, January 30, 2019, Inspectors responded to the Network Distribution Center (NDC), located in Hazelwood, Missouri, and located the Subject Package from a USPS sorting bin. Inspectors noted the Subject Package did not have a sender name or address, and the Subject Package bore a handwritten name on the mailing label. USPIS had previous knowledge the delivery address was connected to an ongoing investigation involving possession with intent to distribute controlled substances, and the mailing label was originating from a known source narcotics area: Scottsdale, Arizona. The characteristics listed in this paragraph are consistent with characteristics of previous packages that have contained narcotics or proceeds of narcotics. Due to

3

these characteristics, Inspectors reviewed the sender and addressee information written on the Subject Package in order to verify the validity of the addressee and sender listed on the Priority Mail label.

9. The **Subject Package** was addressed to "CouRtney McDonald" at "1360 WIDEFIELDS LN SAINT LOUIS MO 63138-2532" [the **target location**] with no return address. A review of USPS databases indicated the addressee name "Courtney McDonald" was not a valid name at the delivery address of 1360 Widefields Ln, St. Louis, MO 63138. Due to the characteristics associated with the Subject Package originating from a known source narcotics area, intelligence gathered from DEA, and a fictitious addressee name, etc.), a K-9 review was requested.

10. On Wednesday, January 30, 2019, at approximately 8:30 A.M., Inspectors contacted Detective David Sebek, a K-9 Detective employed by the St. Louis County Police Department. Detective Sebek responded to the USPIS St. Louis Field Office for a K-9 review. Detective Sebek was accompanied by his narcotic-trained canine "Pippi." The Subject Package was placed in an area not known to have been previously contaminated by a narcotic odor. Detective Sebek had "Pippi" search this area. Upon arriving at the Subject Package, Detective Sebek advised that canine "Pippi" reacted in a positive manner, indicating the presence of a narcotic odor.

11. On Wednesday, January 30, 2019, the above information was presented to the Honorable Nannette A. Baker, United States Magistrate Judge, Eastern District of Missouri. Judge Baker issued a search warrant (4:19 MJ 5020 NAB), authorizing entry into the Subject Package. The search warrant for the subject parcel was based on an application and affidavit, all of which is attached as (Attachment #3) and fully incorporated herein by reference. Additionally, the return for the search warrant is also included in Attachment #3 your affiant applied for and received a Federal search warrant for the Subject Package. The search warrant authorized your affiant to open the Subject Package and review its contents.

11. On Wednesday, January 30, 2019, Inspectors executed the aforementioned search warrant for the Subject Package. When the Subject Package was opened, Inspectors recovered two Saran wrapped bundles. One of the bundles was marked with the initials "ML," and covered

in brown tape, oil, and coffee grounds. After removing several layers of tape, Inspectors discovered a white colored ice like substance, weighing approximately 4 pounds 1.4 ounces. The white ice like substance was field tested with the TruNarc and showed a positive indication of crystal Methamphetamine. A photograph of the bundles of Methamphetamine is labeled as Attachment #2, attached hereto and made a part of this Affidavit. Based on my training and experience, as well as the training and experience of other members of the St. Louis, MO USPIS Narcotics Team, I know that this amount of Methamphetamine is valued at approximately $28,000. Consequently, I know that the Methamphetamine involved in this seizure has a wholesale value of approximately $28,000. Further, I know that this amount of drug is consistent with the intent to distribute.

12. Inspectors intend to make a controlled delivery of the Subject Package to **1360 Widefields Ln, St. Louis, MO 63138 (the target location)**. In conjunction with the controlled delivery, I am seeking an anticipatory search warrant to be executed contingent upon the delivery of the Subject Package. Prior to the controlled delivery, all but two (2) grams of methamphetamine will be removed from the Subject Package. Inspectors will replace the removed methamphetamine with a look-a-like or 'sham' substance. The Subject Package will then be resealed to give the appearance it has not been opened. An undercover Postal Inspector, posing as a U.S. Postal Service letter carrier will attempt to deliver the Subject Package to the addressee.

13. Investigators will subsequently make entry into the residence and execute the search warrant only if the Subject Package is successfully delivered, and authority to enter is contingent upon the conditions of a successful delivery of the Subject Package as described below.

14. It has been my experience in prior controlled deliveries that the Subject Package will be opened shortly after it is delivered. In light of these circumstances, there may be practical difficulties in obtaining a search warrant in a timely fashion before the evidence in the Subject Package is removed from the premises and/or destroyed. Therefore, I request that a search warrant for the premises known and described as 1360 Widefields Ln, St. Louis, MO 63138 (**the target location**) be issued today with its execution contingent upon fulfillment of the following procedure:

a. On or about January 30, 2019, and in the event the delivery is unsuccessful, on succeeding dates thereafter, within the time period authorized, I or another U.S. Postal Inspector, wearing a USPS Letter Carrier uniform, will attempt to deliver the above-mentioned Subject Package to the **target location**;

b. Delivery will be made only to an adult willing to accept delivery on behalf of "Courtney McDonald" to whom the Subject Package is addressed, or left on the front porch should nobody answer the front door during the delivery of the Subject Package (no signature required on the Subject Package). Every effort will be made to make the delivery to "Courtney McDonald" and in no event will the Subject Package be delivered/left with a child;

c. Once the delivery has been made, investigating agents will execute the search warrant within the time period authorized.

d. The warrant will be executed on **the target location** only if and after the Subject Package is accepted at or near the vicinity of the target location and crosses the threshold of the front of the residence.

15. Based upon my training and experience, and the training and experience of other members of the USPIS St. Louis, MO Narcotics Team, and our participation in other investigations involving this amount of drugs, I know that the drugs involved in this seizure have a wholesale value of approximately $28,000. I know that the drugs of this quantity and value are intended for distribution; and

a. Persons who distribute this quantity and value commonly keep records relating to the transportation, order, purchasing, and distribution of controlled substances; and

b. That narcotics traffickers who handle narcotics of this value and quantity must maintain on hand large amounts of U.S. currency in order to maintain and finance their on-going narcotics business and often keep said currency in a residence; and

c. That persons who receive drugs through overnight parcels often have done so in the past and are prepared to do so in the future and keep mailing labels both used and unused; and

d. That persons who distribute narcotics of this quantity and value keep paraphernalia for packaging, cutting, weighing, and distribution of drugs. That these

6

paraphernalia include, but are not limited to scales, plastic bags, cutting agents, firearms for protection; and

e. That evidence of occupancy, residency, rental and/or ownership of the premises is relevant to the prosecution of the offenses, which this affidavit establishes.

16. Based on my training and experience, as well as the training and experience of other members of the USPIS St. Louis, MO Narcotics Team, it is my belief that in light of the information learned in the investigation, there is probable cause to believe that **the target location** is being used as a location to receive, store, and/or distribute crystal methamphetamine. Wherefore, your affiant respectfully requests that an anticipatory search warrant be issued authorizing any Postal Inspector of the United States Postal Inspection Service to search the premises known and described as **1360 Widefields Ln, St. Louis, MO 63138 (the target location)** and therein to seize items incorporated in the attached "list" which constitute evidence of violations of Title 21, United States Code, Sections 841(a)(1) and 846, and fruits thereof.

17. Because this investigation is ongoing and its success would be jeopardized if the contents of this affidavit were made public at this time, I am requesting that this affidavit and the accompanying search warrant documents be sealed until further court order.

JARED M. RUHLAND
U.S.P.I.S. Postal Inspector

SUBSCRIBED and SWORN to before me this 30th day of January, 2019.

NANNETTE A. BAKER
United States Magistrate Judge
Eastern District of Missouri

## LIST

1. Controlled Substances;
2. Priority Mail package **9505 5065 8726 9027 0902 32**, addressed to "Courtney McDonald" "1360 WIDEFIELDS LN SAINT LOUIS MO 63138-2532." with no return address.
3. Paraphernalia for packaging, cutting, weighing and distributing controlled substances, including but not limited to scales, baggies and heat sealers; and
4. Books, records, receipts, notes, ledgers, computer hard-drives and disk records, and other papers relating to the transportation, ordering, purchasing and distribution of controlled substances and/or firearms;
5. Telephone bills, invoices, packaging, cellular batteries and/or charging devices, cancelled checks or receipts for telephone purchase/service; cellular and/or landline telephones; digital and/or alphanumeric text (two-way) pagers; computers capable of e-mail and/or chat-room communication, answering machines; address and/or telephone books and papers reflecting names, addresses, and/or telephone numbers of sources of supply, of customers, and/or evidencing association with persons known to traffic in controlled substances or to facilitate such trafficking.
6. Photographs, in particular photographs of co-conspirators, of assets, and/or of controlled substances.
7. United States Currency, precious metals, jewelry, and financial instruments, including but not limited to, stocks and bonds, papers, titles, deeds and other documents reflecting ownership of vehicles and property utilized in the distribution of controlled substances or which are proceeds from the distribution of controlled substances;
8. Books, records, receipts, pay stubs, employment records, bank statements and records, money drafts, letters of credit, money order and cashier's checks receipts, passbooks, bank checks and other items evidencing the obtaining, secreting, transfer and/or concealment of assets and the obtaining, secreting, transfer, concealment and/or expenditure of money;
9. Papers, tickets, notes, schedules, logs, receipts and other items relating to travel, including but not limited to, travel to and from St. Louis, Missouri and elsewhere; and
10. Indicia of occupancy, residency, rental and/or ownership of the vehicles and/or premises described above, including but not limited to, utility and telephone bills, cancelled envelopes, rental or lease agreements and keys.